| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

UNITED STATES OF AMERICA § 
§
*versus* § CASE NO. 1:19-CR-154(2)
§
ERICA ANN LANG §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Erica Ann Lang's ("Lang") *pro se* letter motion (#71), wherein she requests that the court allow the early termination of her supervised release. After conducting an investigation, United States Probation and Pretrial Services ("Probation") recommends denying the motion. The Government is also opposed to the motion. Having considered the motion, Probation's recommendation, the Government's position, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.   Background

On October 24, 2019, Deputy Morse and Deputy Droddy of the Jefferson County Sheriff's Office pulled over a Chrysler after observing the driver speeding and following too closely on I-10 in Beaumont, Texas. Before approaching the vehicle, the deputies noticed the driver and the passenger making furtive movements in an attempt to hide items under their seats. The deputies identified the driver as Ryan Andrew Davis ("Davis") and the passenger as Lang. Deputy Droddy detected the odor of marijuana emanating from the vehicle. A subsequent search of the vehicle revealed over 400 grams of methamphetamine. The deputies arrested Davis and Lang.

On November 11, 2019, a federal grand jury in the Eastern District of Texas returned a two-count Indictment charging Lang in Count One with Conspiracy to Possess with the Intent to Distribute a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. § 846; and in

Count Two with Possession with Intent to Distribute a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. § 841(a)(1).  On February 10, 2020, Lang pleaded guilty to Count Two of the Indictment pursuant to a non-binding plea agreement.  On July 23, 2020, the court sentenced Lang to 37 months' imprisonment, to be followed by a 3-year term of supervised release.  Lang was released from prison on January 20, 2022, and commenced her term of supervised release.

Lang's Presentence Investigation Report ("PSR") indicates that Lang has a history substance abuse problems, including the daily use of marijuana since age 13, the regular use of methamphetamine from age 30, the use of cocaine beginning at age 14, and the "experimental use" of mushrooms and ecstasy.  The terms of Lang's supervised release require her to submit to random urinalyses, undergo substance abuse treatment, and provide access to any requested financial information to a United States Probation Officer.  In her motion, Lang states that her conduct while on supervised release has been "exemplary."  Lang claims she completed her substance abuse evaluation and that the service provider recommended no further treatment.  She has also submitted all negative urinalyses.  In addition, Lang states she has maintained a stable residence and has been employed since February 2022.  Finally, Lang indicates that she paid her special assessment of $100.00 in full on April 9, 2021.  Lang's motion does not articulate any specific reason for early termination beyond her compliance with the terms of her supervised release.

Probation confirms all of Lang's claims of good behavior since beginning her term of supervised release.  Probation also indicates Lang is currently being supervised as a "low-risk person" under its supervision.  Probation, however, advises against granting Lang's motion, maintaining that continuing Lang's supervised release is in the community's best interest.

Probation also emphasizes that Lang has not provided any extraordinary or compelling reason to amend her sentence. The Government agrees with Probation's recommendation and opposes early termination of Lang's term of supervised release.

II.     Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1275 (2019). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1));

4

*United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), *adopted by* No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347

5

(recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

Here, the court finds that Lang's post-release conduct does not warrant early termination of her supervised release. Although Lang provides the court with a list of several commendable achievements, she identifies no new or exceptional circumstances or needs. It appears that Lang has a long history of substance abuse, and that she would likely benefit from continued supervision. Thus, although Lang appears to be on the right track, the court believes that completion of her full term of supervised release appropriately reflects the seriousness of her offense, deters future criminal conduct, and provides needed structure for her continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4 (holding that the serious nature of the defendant's crimes and his history and characteristics significantly outweighed his actions after his release from prison). The court, likewise, is of the opinion that Lang's current sentence, including the 3-year term of supervised release, was appropriate at the time of sentencing and remains so. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021). Given the nature of her offense and her history of substance abuse, early termination would not be in the interest of justice. Accordingly, Lang's motion for early termination of supervised release does not merit relief.

III.  Conclusion

Consistent with the foregoing analysis, Lang's *pro se* letter motion (#71) is DENIED.

SIGNED at Beaumont, Texas, this 11th day of August, 2023.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE
